IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) 2:04-cr-00313-TFM |
| | ) |
| James Jones, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is Defendant James Jones' pro-se MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2).[1] (ECF No. 116). The Government filed a timely response in opposition to the motion, (ECF No. 121). Assistant Federal Public Defender Michael J. Novara has been appointed to represent Defendant in this matter and he has advised the Court that he does not intend to file a reply. The motion is ripe for disposition.

On August 2, 2004, a federal grand jury sitting in the Eastern District of Texas returned a two-count Indictment against Defendant James Jones at criminal case #05-377, which charged him in Count I with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and in Count II with knowingly receiving, possessing, concealing and storing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On January 12, 2006, Defendant appeared before this Court with counsel and pled guilty to Counts I and II of the Indictment at criminal case #05-377 pursuant to a written plea agreement.

On December 14, 2004, a federal grand jury sitting in the Western District of Pennsylvania returned a three-count Indictment against James Jones at criminal case #04-313, which charged

---

1. The motion was filed only at criminal case #04-313, although Jones was sentenced in a single proceeding to concurrent terms of imprisonment in criminal cases #04-313 and #05-377.

1

him in Count I with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846; in Count II with attempt to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846; and in Count III with possession of more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 846(a)(1). On August 12, 2005, Defendant appeared before this Court with counsel and pled guilty to Count II of the Indictment at case #04-313 pursuant to a plea agreement.[2]

On September 29, 2005, the probation office prepared a Presentence Investigation Report. The probation office found Defendant to be a career offender under § 4B1.1[3] due to his two prior felony convictions for robbery, coupled with his instant criminal offenses involving a controlled substance and firearms. Thus, Defendant's offense level was 31 and his criminal history category was VI, which resulted in a Sentencing Guidelines range of incarceration of 188 to 235 months. Defendant objected to his classification as a career offender. Nevertheless, on March 20, 2006, the Court issued Tentative Findings and Rulings (ECF No. 94), which held that the probation office correctly found Defendant to be a career offender under § 4B1.1 of the advisory guidelines.

On March 24, 2006, Defendant was sentenced at Count II of case #04-313 to 180 months of imprisonment; 180 months of imprisonment at Count I of case #05-377; and 120 months imprisonment at Count II of case #05-377, all of which were to run concurrently, followed by five years of supervised release. Defendant did not file a direct appeal. According to the Federal Bureau of Prisons website, Defendant is scheduled for release on January 20, 2018.

---

2.     Counts I and III were dismissed on the motion of the United States.
3.     A defendant is a **career offender** if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

Defendant now requests that the Court reduce his sentence at criminal case #04-313 pursuant to Amendment 782 of the United States Sentencing Guidelines and Title 18 U.S.C. § 3582(c)(2). District courts "may not modify a term of imprisonment once it has been imposed except in limited circumstances." *United States v. Sharpe*, 554 Fed. App'x 123 (3d Cir. 2014) (citations omitted). One such circumstance is that district courts have the authority to "modify a term of imprisonment in the case of a Defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to 28 U.S.C. § 944(o)." 21 U.S.C. § 3582(c)(2). Notably however, "when a defendant has been sentenced as a career offender a Court does not, in all cases, have the power to simply apply the retroactive guidelines and impose a reduced sentence." *United States v. Poindexter*, 2009 WL 291163, at *2 (W.D. Pa. Feb. 5, 2009).

Amendment 782 of the United States Sentencing Guidelines ("U.S.S.G.") lowered the base offense level specified in U.S.S.G. § 2D.1.1 for cocaine offenses. However, when a defendant's offense level was determined according to the career offender guidelines § 4B1.1, Amendment 782 does not have the effect of lowering the defendant's applicable guideline range. In *United States v. Mateo*, the Third Circuit Court of Appeals explained that the Amendment "only affects calculation under § 2D.1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." 560 F.3d 152, 154–55 (3d Cir. 2009) (citations omitted).

Here, as in *Mateo*, Defendant's sentencing range at case #04-313 was derived from § 4B1.1 because of his status as a career offender. Accordingly, he is not eligible for the two-level reduction under Amendment 782. Even if this motion had been granted, Defendant would remain imprisoned for 180 months because of the concurrent sentence imposed at Count I of case #05-

377. The firearms offense in case #05-377 is not subject to a reduction pursuant to Amendment 782. Thus, Defendant's motion is hereby **DENIED.**

**SO ORDERED,** this 16th day of July, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Troy Rivetti**
Email: troy.rivetti@usdoj.gov

**Cindy Chung**
Email: cindy.chung2@usdoj.gov

**Michael Novara**
Email: michael_novara@fd.org

(via CM/ECF)

**James Jones**
Reg. No. 08343068
FPC McKean
P.O. Box 8000
Bradford, PA 16701

(via First-Class Mail)